UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ARSEN YEGHIAZARYAN,
Petitioner

v.

WARDEN DESERT VIEW ANNEX DESERT,
Respondent.

Case No. EDCV 26-5936-MWF (DTB)

**ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition (Docket No. 1), Answer (Docket No. 11), Reply in Support of Petition (Docket No. 13), Report and Recommendation of United States Magistrate Judge ("Report"; Docket No. 14), Respondent's Objections to the Report ("Objections"; Docket No. 16), Petitioner's "Supplemental Memorandum in Support of Adoption of the Report . . . and Prompt Order of Release", which the Court construes as a response to the Objections (Docket No. 17), and the other relevant records on file.

Preliminarily, Petitioner is correct that the Objections, filed October 29, 2026, are one day late. (Docket No. 14 (Report stating that "given nature of the relief at issue" and that the parties had the opportunity present their positions, a shortened objection period was warranted and objections were due on or before October 28,

2026); Docket No. 15 (same); Docket No. 17 at 2, 6). Nonetheless, the Court declines Petitioner's request for enforcement of the deadline unless Respondent obtains an extension of time (Docket No. 17 at 2, 6), and it has conducted a *de novo* review of the portions of the Report to which the Objections are directed. *See Akhtar v. Mesa*, 698 F.3d 1202, 1208 (9th Cir. 2012); *United States v. Wetselaar*, No. 2:11-CR-00347-KJD, 2014 WL 1366722, at *3 (D. Nev. Apr. 7, 2014) (declining to strike government's untimely objections given the strong preference for disposing matters on merits).

As with the Answer, Respondent does not refute Petitioner's allegations, or the Reports' conclusion, that Respondent failed to Provide Petitioner with the process he was due, thereby violating applicable regulations and his due process rights. (Docket No. 11; Docket No. 14 at 9). Instead, Respondent narrowly requests the Court not accept the recommendation regarding limiting Respondent from re-detaining Petitioner without a pre-detention hearing, claiming it is "duplicative" of regulations it must follow anyway. (Docket No. 16 at 5). The Court declines to reject any aspect of the Report that merely re-states regulatory requirements that Respondent is already required to follow. *See, e.g., Singh v. Rios*, No. EDCV 26-0786-MWF (SK), 2026 WL 2337886, at *2-3 (C.D. Cal. Aug. 11, 2026) (noting that, after habeas relief is granted and judgment is entered, the government is still required to comply with its own regulations before revoking an order of supervision); *Vang v. Bondi*, No. 0:26-CV-1381, 2026 WL 458195, at *3 (D. Minn. Feb. 18, 2026) ("the government has no interest in re-detaining noncitizens . . . without a hearing *already required by law*" (emphasis in original)). Accordingly, the Objections are **OVERRULED**.

**IT IS THEREFORE ORDERED** that:

(1) the Report is **ACCEPTED**;

(2) the Petition is **GRANTED**;

(3) Judgment be **ENTERED**:

(a) ordering Petitioner Arsen Yeghiazaryan (A# 241-018-946) to be immediately released from custody, his previous conditions of supervision be reinstated, and all property confiscated from him during his arrest and processing into detention be returned; and

(b) directing that Respondent and its officers, agents, employees, attorneys and persons acting on its behalf in concert or in participation with them, shall not: (i) re-detain Petitioner without notice and an individualized pre-detention hearing before a neutral arbiter at which it is determined that detention is lawful and warranted under the applicable statutes and regulations either because Petitioner has violated a term of his Order of Supervision or because his removal from the United States is significantly likely in the reasonably foreseeable future, including that Respondent has procured travel documents for Petitioner and that such documents are in the possession of ICE; or (ii) remove Petitioner to any country without appropriate notice and an opportunity to be heard in accordance with any applicable ICE regulations, including the opportunity to assert a torture-based or fear-based objection.

(4) the Clerk of the Court serve this Order and the Judgment on all counsel or parties of record.

Dated: October 30, 2026

MICHAEL W. FITZGERALD
United States District Judge